In the Matter of MATTHEW T. HOGAN, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, July 10, 1980

## APPEARANCES OF COUNSEL

*David E. Brennan (Gerard M. LaRusso* of counsel), for petitioner.

*James M. White* for respondent.

## OPINION OF THE COURT

*Per Curiam.*

Respondent, an attorney at law, was admitted to practice in this Department on December 5, 1960.

Charge 1 of the petition alleges that sometime during the month of October, 1975 respondent was retained to transfer 948 shares of Eastman Kodak stock jointly owned by two clients into three separate *inter vivos* trusts. In handling this matter, he caused his clients to sell 70 shares of the stock worth approximately $7,000 representing to them that the sale was necessary to raise funds for the payment of gift taxes. Respondent obtained the draft from the stock sale and deposited the same in an account at Marine Midland Bank, permitting his clients' funds to be commingled with other funds. Thereafter he neglected to preserve and identify his clients' funds and failed to maintain adequate records. The records of the bank indicate that during this period of time respondent's trust account contained a balance well below the $7,000 belonging to his clients.

The second and third charges involve estate matters in which respondent was retained as attorney. Respondent neglected both estates, failed to file United States and New York State fiduciary and estate tax returns, and failed to refund a portion of his legal fees paid in advance and not earned.

Respondent admitted the material allegations of the petition and has settled each complaint to the satisfaction of the clients together with restitution where required.

Respondent is guilty of unprofessional conduct which constituted violations of the disciplinary rules of the Code of Professional Responsibility DR 2-110, DR 6-101, DR 9-102 (subd [B], par [3]) and this Department's rules relating to attorneys 22 NYCRR 1022.5 (a), (b), 1022.8. In mitigation, we note that respondent was suffering from acute and chronic alcoholism which he has acknowledged and for which he has continued to receive rehabilitative treatment and has been under suspension for a period of approximately two years (22 NYCRR 1022.23).

In view of respondent's rehabilitation and his satisfactory conduct during his period of suspension, we find that an appropriate sanction is a suspension, the time period of which shall be considered to have commenced on July 7, 1978 and ending on May 23, 1980.

DILLON, P. J., CARDAMONE, SIMONS, HANCOCK, JR., and CALLAHAN, JJ., concur.

Order of suspension ordered.